Zheng v. Lynch

BIA
Bukszpan, IJ
A089 097 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

LINGBIN ZHENG, AKA BING LIN,
> *Petitioner,*

v.                                                    14-1886
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; John S. Hogan,

Assistant Director; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

LingBin Zheng, a native and citizen of China, seeks review of a May 16, 2014 decision of the BIA affirming the November 28, 2011 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re LingBin Zheng*, No. A089 097 441 (B.I.A. May 16, 2014), *aff'g* No. A089 097 441 (Immig. Ct. N.Y. City Nov. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Zheng's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence, "without regard to whether" the inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably considered an inconsistency between Zheng's testimony and asylum application concerning when he was arrested.  Zheng's asylum application asserted that he was arrested in December 2007 for distributing Falun Gong leaflets, but he testified that the arrest took place in July 2007.  The agency was not compelled to credit his explanation that he was

nervous, especially because he confirmed on direct examination that he was "sure" that he was arrested in July 2007. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency also reasonably relied on an inconsistency regarding Zheng's location when authorities confronted his family about their failure to cooperate with the confiscation of their land. He repeatedly testified that he was not inside his home when the authorities entered; that testimony conflicted with his asylum application and his father's affidavit, both of which stated that he was having breakfast inside his home when authorities entered. Confronted with this inconsistency, Zheng conceded that he may have been eating breakfast with his father after all. But, given Zheng's repeated assertions otherwise, the agency was not compelled to ignore the inconsistency. *See Majidi*, 430 F.3d at 80-81. The agency reasonably relied further on Zheng's inconsistent statements regarding whether he was aware of the intended use of his family's confiscated land.

4

Given these inconsistency findings, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder"). That determination is dispositive of asylum, withholding of removal, and CAT relief, as those claims are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk